**Larry M. RAMSEY, Appellant,**

v.

**Harold W. CRISWELL, Appellee.**

**No. 6–92–033–CV.**

Court of Appeals of Texas,
Texarkana.

March 30, 1993.

John M. Gillis, Dallas, for appellant.

John A. Hixson, Arlington, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

Larry Ramsey appeals from an adverse summary judgment rendered in Harold Criswell's suit against him for breach of a construction contract and to foreclose a mechanic's lien. Ramsey contends that the

trial court abused its discretion in denying his motion to withdraw deemed admissions that formed the basis of the summary judgment against him. Because we find there is no evidence of good cause to withdraw the deemed admissions, we affirm the judgment of the trial court.

Criswell, a road contractor, brought suit against Ramsey, a land owner, for the balance due on a contract for the construction of a road. Ramsey alleged that he had to finish the road and pay all the subcontractors when Criswell failed to finish the project. On August 23, requests for admissions were served on Ramsey by certified mail. Although due on September 25, Ramsey's responses were not signed until September 26 and were not served until September 27. Ramsey did not move for an extension of time to file his responses.[1] On November 8, 1991, Criswell filed a motion for summary judgment based on the deemed admissions. On December 31, Ramsey filed a motion to withdraw the deemed admissions along with his response to the motion for summary judgment. The trial court overruled Ramsey's motion to withdraw the deemed admissions and granted Criswell's motion for summary judgment.

■ Tex.R.Civ.P. 169(1) provides that when timely response is not made to a request for admissions, the matter is admitted without the necessity of a court order. Tex.R.Civ.P. 169(2) provides:

[T]he court may permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby.

The party seeking to have deemed admissions withdrawn has the burden to present evidence to the court that establishes good cause for his failure to make timely answers, that withdrawal of the admissions would not prejudice the opposing party, and that the presentation of the merits would be subserved by the withdrawal. *Tinney v. Team Bank,* 819 S.W.2d 560, 562 (Tex.App.–Fort Worth 1991, writ denied); *Boone v. Texas Employers' Ins. Ass'n,* 790 S.W.2d 683, 688 (Tex.App.–Tyler 1990, no writ). The requirement of good cause may be established by a showing that the failure to file was not intentional or in conscious disregard of the party's obligation to timely file an answer. *Boone v. Texas Employers' Ins. Ass'n,* 790 S.W.2d at 689. Under this standard, even a slight excuse for the original failure to answer is sufficient. *Esparza v. Diaz,* 802 S.W.2d 772, 776 (Tex.App.–Houston [14th Dist.] 1990, no writ). Negligence of a party will not prevent a showing of good cause as long as the negligence does not rise to the level of conscious indifference. *Fibreboard Corp. v. Pool,* 813 S.W.2d 658, 683 (Tex.App.–Texarkana 1991, writ denied).

■ The trial court has broad discretion to permit or allow withdrawal of deemed admissions. *Employers Ins. of Wausau v. Halton,* 792 S.W.2d 462, 464 (Tex.App.–Dallas 1990, writ denied). The court's ruling will be set aside only on a clear showing of an abuse of that discretion. *Tinney v. Team Bank,* 819 S.W.2d at 562; *Employers Ins. of Wausau v. Halton,* 792 S.W.2d at 464. An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985).

■ In his unverified motion to withdraw the deemed admissions, Ramsey alleged that the late responses were due to his illness and his counsel's absence from town on the last day for filing. These appear to be slight but sufficient excuses for the failure to timely file answers. *See Employers Ins. of Wausau v. Halton,* 792 S.W.2d at 466; *Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex.App.–Houston [14th Dist.] 1988, no writ). But, since findings of

---

**1.** One commentator has written that "a motion requesting an extension of time is a prerequisite for filing late answers." James B. Sales, *Pretrial* *Discovery in Texas Under the Amended Rules: Analysis and Commentary,* 27 S.Tex.L.Rev. 305, 373 (1986).

fact were not requested or filed, we must presume that the trial court found all facts in support of its judgment, and we must uphold the judgment if it is supported by sufficient evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). Ramsey offered no evidence, either affidavits or testimony, to support the allegations in his motion. Ramsey's counsel did present argument in support of the motion. Criswell's counsel did not specifically controvert factual allegations in the motion, but he did argue that the motion did not support a finding of good cause.

In view of the lack of evidence tending to show good cause for the failure to timely file the denials, we cannot say that the trial court acted arbitrarily or without guiding legal principles in overruling the motion to withdraw the deemed admissions.

■ Ramsey next asserts that the summary judgment was improper. Summary judgment should be granted only when the summary judgment evidence conclusively establishes that there is no genuine issue of material fact as to one or more of the essential elements of Criswell's claim. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); W. Wendell Hall, *Standards of Appellate Review in Civil Appeals*, 21 St. Mary's L.J. 865, 882 (1990). To prevail on his contract theory, Criswell was required to prove the existence and substance of the contract and compliance with its terms. *Hampton v. Minton*, 785 S.W.2d 854 (Tex.App.–Austin 1990, writ denied). To foreclose on the materialmen's lien, he was required to prove the contract, the location of the property, the supplying of qualified labor or material, and the perfection of the lien. *See, e.g.,* 12 William Dorsaneo & Larry Knippa, Texas Litigation Guide § 271.100(b) (1992). Ramsey was deemed to have admitted all these elements, so the summary judgment was proper.

Criswell asks that we award him damages because Ramsey's appeal was taken for delay and without sufficient cause. Tex.R.App.P. 84. As we do not find that the appeal meets the criteria outlined in Rule 84, we decline to assess damages.

The judgment of the trial court is affirmed.