**WAL–MART STORES, INC., d/b/a Sam's Wholesale Club and Allen Smith, Petitioners,**

v.

**Carmen DEGGS, Respondent.**

**No. 96–1137.**

Supreme Court of Texas.

April 14, 1998.

Rehearing Overruled July 3, 1998.

Kevin D. Jewell, J. Preston Wrotenbery, Houston, for Petitioners.

Paul F. Ferguson, Jr., Beaumont, Otto D. Hewitt, III, Alvin, for Respondent.

## OPINION

PER CURIAM.

When a party does not return answers to a request for admissions within thirty days, the matters in the request are deemed admitted against that party. TEX.R. CIV. P. 169. Here, the trial court directed a verdict against defendants Wal–Mart and Allen Smith based on Smith's deemed admissions. The court of appeals affirmed the judgment against Wal–Mart but reversed and remanded the judgment against Smith because the deemed admissions were insufficient to support Smith's personal liability. —— S.W.2d ——, 1996 WL 492571. We hold that the trial court abused its discretion in not granting the defendants' motion to withdraw the deemed admissions. Accordingly, we reverse and remand for a new trial.[1]

Carmen Deggs and a companion went to a Sam's Wholesale Club store in December 1992. Because it had rained earlier in the day, store employees had placed a non-skid mat on the floor just inside the door. As Deggs entered the store, she caught her foot on a kink in the mat and fell. She received treatment at a hospital and was released that evening.

In February 1993, Deggs sued Wal–Mart, the owner of the Sam's store, and Allen Smith, the store manager. Wal–Mart timely answered but Smith did not. Wal–Mart removed the suit to federal court but the federal judge remanded to state court. On July 29, 1994, as its second discovery request, Deggs's counsel served Smith with a request

---

1. Because we dispose of this case on these grounds, we do not reach the issue of whether Smith's deemed admissions conclusively established matters against Wal–Mart.

for admissions, supplemental interrogatories, and supplemental requests for production. Smith had thirty days to answer the request for admissions. Deggs documented delivery of each item to Smith by a separate return receipt with a notation specifying the discovery request enclosed. Deggs alleges that she served copies of these items on Wal–Mart as well. However, the single return receipt from the delivery to Wal–Mart notes only that the packet contained material concerning Deggs's case. Wal–Mart contends that although it received the other two items, it did not receive a copy of Deggs's request for admissions directed to Smith. Deggs maintains that all three items were in the packet that Wal–Mart acknowledges receiving.

Before the admissions were due, Deggs took Smith's deposition. However, Smith did not respond to the request for admissions, and the matters in the request were deemed admitted. *See* Tex.R. Civ. P. 169(1).

On the day trial was to begin, Deggs filed a motion in limine requesting in part that the trial court preclude Wal–Mart and Smith from introducing any evidence that contradicted the deemed admissions. That day, Wal–Mart's counsel wrote to Deggs's counsel that Wal–Mart had not received a copy of the request for admissions directed to Smith and had not known of the request until Deggs filed her motion in limine. Immediately, Wal–Mart's counsel assumed Smith's representation and filed an answer on Smith's behalf, a request for a continuance, and a motion to extend time to respond or, in the alternative, to withdraw the deemed admissions. The trial court denied the motion in its entirety and granted Deggs's motion in limine precluding both Wal–Mart and Smith from contradicting the admissions at trial.

Smith's failure to respond admitted that Wal–Mart employed him in a managerial capacity on the date Deggs was injured; the negligence of one or more Wal–Mart employees acting in the course and scope of their employment proximately caused the incident; the rug or mat on which Deggs slipped was in an unreasonably dangerous condition and created an unreasonable risk of harm for store customers, and Smith and other employees knew this well in advance of Deggs's fall; Deggs was seriously injured because of the incident; Deggs was not negligent in any way; and the incident was one hundred percent Wal–Mart's fault. The request for admissions did not define the terms "negligence," "proximate cause," or "fault."

At trial, Deggs's counsel read the deemed admissions to the jury and told the jury that these matters were conclusively established. After Deggs's attorney read these admissions to the jury, he presented six witnesses. The trial court then denied Wal–Mart's motion for a directed verdict, and Wal–Mart presented its case, prohibited by the successful motion in limine from presenting evidence that contradicted Smith's deemed admissions. At the close of the case, the trial court granted Deggs a directed verdict, holding Wal–Mart and Smith one hundred percent liable for Deggs's injury. The trial court rejected the defendants' proposed comparative negligence question, and the jury awarded Deggs $331,000 against Wal–Mart and Smith, jointly and severally.

The court of appeals affirmed the judgment against Wal–Mart but reversed and remanded the judgment against Smith. The court of appeals held that the deemed admissions were insufficient to support Smith's personal liability but sufficient to support Wal–Mart's respondeat superior liability based on the acts of its other employees. —— S.W.2d at ——.

The issue is whether the trial court abused its discretion in denying the motion to withdraw the deemed admissions. We hold that it did.

A court "may permit withdrawal or amendment of . . . deemed admissions upon a showing of good cause . . . if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." Tex.R. Civ. P. 169(2); *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996).

■  "Good cause" is established when the failure to respond is accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Stelly,*

927 S.W.2d at 622. By responding the day of the filing of the motion in limine, Wal–Mart acted swiftly and diligently once alerted to Smith's failure to respond to Deggs's request.

■ Undue prejudice bars withdrawal of deemed admissions. Tex.R. Civ. P. 169(2); *Stelly*, 927 S.W.2d at 622. Delay of trial is considered a factor in determining prejudice against a party. *See North River Ins. Co. v. Greene*, 824 S.W.2d 697, 701 (Tex.App.—El Paso 1992, writ denied). But here, Deggs had deposed Smith and therefore was not dependent on the deemed admissions for developing her theory of the case. Thus, the plaintiff would not have been unduly prejudiced if the deemed admissions were withdrawn.

■ "The discovery rules were not designed as traps for the unwary, nor should we construe them to prevent a litigant from presenting the truth." *Stelly*, 927 S.W.2d at 622. To allow Wal–Mart to fall into a trap produced by another party's failure to respond would run contrary to the intent and purpose of the discovery rules. The court of appeals therefore erred in upholding a directed verdict against Wal–Mart based on Smith's deemed admissions.

Accordingly, without hearing oral argument, under Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Wal–Mart's application for writ of error, reverses the judgment of the court of appeals, and remands this case to the trial court for further proceedings consistent with this opinion.