NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
Appellant,

v.

PENNZOIL COMPANY, et al., Appellees.

No. 13–92–234–CV.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1993.

Rehearing Overruled Dec. 9, 1993.

Ronald G. Hole, Law Offices of Ronald G. Hole, Lisa D. Powell, R. Randy Crane, Atlas & Hall, McAllen, for appellant.

Thomas F. Nye, Brin & Brin, Corpus Christi, John B. Skaggs, Lewis & Pettitt, Carl H. Judin, Jr., McAllen, for appellees.

Before DORSEY, KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

In this worker's compensation insurance case, appellant complains of the trial court's granting of motions both to strike its plea in intervention and to sever its claim. By four points of error, appellant maintains that the trial court improperly granted the motions on evidentiary and procedural grounds. We affirm.

Appellant National Union is an insurance carrier for Four Flags Drilling Company. The underlying suit arises from on-the-job injuries sustained by David Pfeifer, plaintiff, while working for Four Flags in 1985. Four Flags had been hired to drill a well for Pennzoil Company and was required, under the parties' drilling contract, to obtain worker's compensation and liability insurance. Under the policies issued to Four Flags, appellant began paying worker's compensation benefits to Pfeifer and reimbursed him for his medical expenses.

In June, 1986, Pfeifer filed a third party negligence action against at least Pennzoil Producing Company and Pennzoil Company (collectively Pennzoil). Other parties were Knight Oil Tools, Inc., and Oil Field Rental Service Company, appellees here.[1] National Union intervened one month later, asserting that it held subrogation rights against the defendants to the extent of all worker's compensation benefits paid and for additional sums it might become liable to pay in the future.

Pennzoil filed a motion to strike National Union's intervention and a motion to sever its claims, contending that National Union had waived those asserted rights of subrogation. Pennzoil contended that National Union signed a Certificate of Insurance stating that all policies held by Four Flags, without exception, contained waiver of subrogation clauses in favor of Pennzoil, its subsidiaries and affiliates. That certificate was attached to, and made a part of, the drilling contract between Pennzoil and Four Flags.

The trial court granted the motions. National Union appeals.

By point of error two, National Union maintains that the trial court improvidently granted the motion to strike because the

---

1. The status of parties other than Pfeifer and the Pennzoil Companies is questionable. See point of error four, p. 7 of this opinion. Although Knight Oil Tools, Inc., and Oil Field Rental Service Co. are appellees here, we cannot determine their status below.

alleged waiver of subrogation was not properly pleaded by Pennzoil. National Union asserts that under TEX.R.CIV.P. 94, in response to a preceding pleading, a party is required to affirmatively plead any matter that is in confession and avoidance such as, in this case, waiver. Pennzoil counters that in its motion to strike, it quoted the waiver provision in the certificate of insurance executed by National Union. Moreover, a copy of the certificate of insurance was attached to the motion to strike.

■ TEX.R.CIV.P. 60 provides, "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." An entity may intervene if it could have brought the same action on its own or if it would be able to defeat recovery on some part of it; the intervenor's interest may be legal or equitable. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex.1990). We hold a motion to strike a plea in intervention is akin to a special exception or to a motion for summary judgment, asserting that, as a matter of law, the opposing party could not have brought the action or would not be able to defeat recovery. While waiver may be a valid affirmative defense, in a case such as this one it also provides the trial court with sufficient cause to strike out a party's plea in intervention. As such, we find Rule 94 inapplicable here. Pennzoil properly assailed National Union's petition in intervention. Point of error two is overruled.

By point of error one, appellant contends that the trial court erroneously struck its intervention because no evidence was presented to support the motion to strike. National also maintains that the trial court abused its discretion generally by striking the plea.

National concedes that Pennzoil attached a copy of the certificate of insurance to its motion to strike. Appellant argues, however, that the authenticity of the certificate was not established. Moreover, no affidavits or deposition excerpts accompanied the motion. National contends that summary judgment standards should be applied when reviewing the evidence presented to the trial court

during a hearing on a motion to strike an intervention. Pennzoil, however, likens the procedure to a special exceptions analysis.

■ The intervenor bears the burden to show a justiciable interest in the lawsuit. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982); *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex.Civ.App.—Corpus Christi 1976), *rev'd on other grounds*, 544 S.W.2d 114 (Tex.1976).

■ After a motion to strike a petition for intervention is filed, the intervenor should be given an opportunity to explain, and show proof of, its interest in the lawsuit. *Barrows v. Ezer*, 624 S.W.2d 613, 617 (Tex.Civ.App.— Houston [14th Dist.] 1981, no writ) (citing *Womble v. Atkins*, 160 Tex. 363, 331 S.W.2d 294 (1960)). However, the trial court may determine an intervening party's justiciable interest in a lawsuit on the basis of the sufficiency of the petition in intervention. *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494, 497 (Tex.App.—San Antonio 1991, writ denied); *McCord v. Watts*, 777 S.W.2d 809, 812 (Tex.App.—Austin 1989, no writ). The trial court compares the factual allegations in the petition for intervention with those allegations asserted in the motion to strike that intervention. *Metromedia*, 810 S.W.2d at 497; *McCord*, 777 S.W.2d at 812; *Rogers*, 533 S.W.2d at 442. In *Rogers*, the intervening party offered no evidence to the trial court in support of her motion. The opposing party made several statements in its motion to strike the intervention that were not challenged or refuted by the intervenor. This court held that the intervenor's petition must fail because she did not allege a present justiciable interest in the subject matter of the litigation. *Id.* at 443.

■ Neither summary judgment rules nor special exception procedure are wholly applicable here. An entity need only file a petition in intervention and await a *motion to strike it*. When this occurs, the allegations of the opposing sides will be weighed by the court. It is the intervenor's burden to prove up its standing in the lawsuit. National Union's petition in intervention alleged that it had standing to sue the defendants in the lawsuit by virtue of its contractual right of subrogation under its policy with Four Flags.

Pennzoil retorted that its contract with Four Flags included a waiver of subrogation provision, executed by National Union, in favor of Pennzoil and its affiliates.

It is unclear from the record the evidence the trial court considered during the intervention hearing. It appears that the court considered the parties' motions as well as the certificate of insurance executed by National Union and submitted to the court in conjunction with Pennzoil's motion to strike.[2] National Union's sole substantive challenge to the certificate remained that the subrogation provision was ambiguous. The balance of National's arguments assailed the procedural methods by which Pennzoil wished to exclude them from the case.

■ We can find no authority to support National's proposition that the evidence adduced at the intervention hearing must have been authenticated, certified, or otherwise in conformity with summary judgment evidentiary requirements. The trial court needed only to compare the factual allegations of the opposing motions; it was the intervenor's burden to prove its standing to sue.

■ Moreover, we will review the striking of National's petition in intervention utilizing an abuse of discretion standard, having determined the applicable guiding rules and principles the court should have followed. *Horseshoe Operating,* 793 S.W.2d at 657; *Saldana v. Saldana,* 791 S.W.2d 316, 320 (Tex.App.—Corpus Christi 1990, no writ). Accepting all parties' allegations as true, the question remains whether the trial court properly found the subrogation provision to be unambiguous.[3] The certificate of insurance, executed by National and included in the Pennzoil/Four Flags drilling contract, provides:

### CERTIFICATE OF INSURANCE

This is to certify that the following insurance policies are in full force and effect:

\* \* \* \* \* \*

1. Is Pennzoil Company, its subsidiaries and affiliates, included as additional insured on all policies (except Workmen's Compensation)?

(x) Yes  ( ) No

2. Do all policies contain waiver of subrogation in favor of Pennzoil Company, its subsidiaries and affiliates?

(x) Yes  ( ) No

The certificate then lists the National Union insurance policies held by Four Flags as required under the Pennzoil drilling contract, the monetary limits of each facet of each policy, as well as additional questions pertaining to coverage. We can find no ambiguity in the wording of the certificate, in particular the waiver of subrogation clause. The trial court did not err in holding the provision enforceable.

The trial court properly granted Pennzoil's motion to strike National's petition in intervention. Points of error one and three are overruled.

By point four, appellant contends that the trial court erred by striking its petition in intervention as to defendants/appellees other than Pennzoil. National argues that any waiver of subrogation rights was in favor of Pennzoil only, and it can therefore maintain its subrogation interests against Knight Oil Tools and Oil Field Rental. We agree.

Upon the payment of worker's compensation benefits to Pfeifer, National Union had a statutory right to recoup the benefits paid from any third party defendant under the former TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon 1967). As such it is subrogated to the employee's right, that is, it has the employee's right, to recover from the tortfeasors causing the injury and resulting expense to the carrier. National Union contractually waived its right to enforce its subrogation claim against Pennzoil and Four Flags, Pfeif-

---

2. During the hearing, the trial court apparently read the subrogation provision directly from the certificate of insurance, quoting, "Well, it says: 'Do all policies contain waiver of subrogation in favor of Pennzoil Company and subsidiary and affiliates' and it says 'yes.' " Counsel responded,

"Exactly." This provision was not quoted verbatim in any of the pleadings before the court.

3. This issue is the subject of National's third point of error.

er's employer, but did not waive it against any others.

We must first determine from whom National Union sought damages in its intervention.

In its plea in intervention, National Union asserts it is the worker's compensation carrier for Four Flags Drilling Company, has paid benefits to Four Flags's employee, Pfeifer, and seeks to recover that amount from any recovery Pfeifer receives from the defendants. No defendants are named in the text of the plea in intervention, although the style of the pleading reads "David Pfeifer v. Pennzoil Producing Company, A Foreign Corporation, Et Al." The only pleading filed by Pfeifer and contained in the transcript is Plaintiff's Third Amended Original Petition, filed after the intervention was struck, in which he seeks damages from only Pennzoil Producing Company and Pennzoil Company, defendants. We have not been provided with Pfeifer's live pleading at the time the intervention was filed to determine if there were any other third-party defendants involved in the suit.

Knight and Oil Field contend in their briefs that Pfeifer non-suited them from this lawsuit before the court struck National's intervention. We can find no evidence of this in the record.

The general rule in appellate practice remains that the ruling of the court below is presumed to be valid, and the appellant has the burden of presenting the reviewing court with adequate points of error, argument, and record to show that error was committed. TEX.R.APP.P. 53 & 74. From the record as requested by appellant, we have we are unable to determine the parties defendant in the underlying suit other than the two Pennzoil companies. Accordingly, we cannot say the striking of the intervention affected any party other than National Union and the Pennzoil companies. Point of error four is overruled.

The judgment of the trial court is AFFIRMED.