

Court Of Appeals

Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★     ★ ★ ★

# OPINION

No. 04-07-00662-CV

**PROTOTYPE MACHINE COMPANY**,
Appellant

v.

Toledo P. **BOULWARE**, Individually and as Trustee; Dos Angeles, L.P.; Zach and
Kayla Davis; DMC Partners, Ltd.; Willie Jo Dooley, L.P.; Hayden G. Haby and Doris Y. Haby;
Hayden G. Haby, Jr. and Dennette Haby Coates; Melanie and John Jones in Their Capacity
as Joint Representatives of The Ben Jones Jr. Estate and Ben Jones Sr. Estate;
McDaniel Farms, Inc.; Jewel F. Robinson and 4-S Ranch; Kinney County Groundwater
Conservation District; and Darlene Shahan in Her Capacity as General Manager of Kinney
County Groundwater Conservation District;
Appellees

From the 63rd Judicial District Court, Kinney County, Texas
Trial Court No. 3469
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:    April 8, 2009

REVERSED AND REMANDED

      This appeal arises from the trial court's order striking appellant's plea in intervention. In an

opinion and judgment dated December 17, 2008, we concluded that because appellant was denied

notice of the motion to strike and an opportunity to be heard on the motion to strike, we must reverse

and remand for further proceedings. The appellant and appellees all filed motions for rehearing, which we deny. However, to address an argument raised by appellees on rehearing, we vacate our earlier judgment, withdraw our earlier opinion, and issue this opinion and judgment in their place.

## BACKGROUND

Appellee, Kinney County Groundwater Conservation District ("the District"), regulates groundwater withdrawals in Kinney County, and issues permits to authorize the continuation of "historic" and "existing" beneficial, non-wasteful uses of groundwater from the Edwards-Trinity aquifer. Appellant, Prototype Machine Company ("Prototype"), is a landowner in Kinney County, Texas and holds a permit to withdraw groundwater. Appellees, Toledo P. Boulware, Individually and as Trustee; Zach and Kayla Davis; DMC Partners, Ltd.; Willie Jo Dooley, L.P.; Hayden G. Haby and Doris Y. Haby; Hayden G. Haby, Jr. and Dennette Haby Coates; Melanie and John Jones in Their Capacity as Joint Representatives of The Ben Jones Jr. Estate and Ben Jones Sr. Estate; McDaniel Farms, Inc.; Jewel F. Robinson and 4-S Ranch (collectively, "Applicants") are also Kinney County landowners and applicants for existing and historic use permits.

In July 2005, the Applicants sued the District and the District's former General Manager, Darlene Shahan, on various causes of action arising out of the District's administrative permitting decisions relating to the Applicants' permit applications.[1] After protracted litigation in both state and federal courts, the District and the Applicants agreed to mediation, which commenced on July

---

[1] The full procedural background of the underlying dispute between the District and the Applicants is set forth in this court's opinion in *Kinney County Groundwater Conservation Dist. v. Boulware*, 238 S.W.3d 452 (Tex. App.—San Antonio 2007, no pet.). In that case, a panel of this court considered an appeal from the denial of a plea to the jurisdiction filed by the District and Darlene Shahan. The court affirmed the trial court's order denying the plea because the District's plea to the jurisdiction failed to demonstrate the trial court lacked subject matter jurisdiction.

17, 2007. By August 13, 2007, the parties had reached a settlement agreement on all issues and prepared an Agreed Final Judgment and Mutual Release of Claims. The District posted notice of a board meeting to be held on August 16, 2007 at 5:00 p.m., at which time the District's board of directors would formally consider approval of the settlement documents. The District's notice also stated that the trial court would conduct a hearing at noon on August 17, 2007 to consider the settlement.

At approximately 4:30 p.m. on August 16, Prototype filed a plea in intervention, plea to the jurisdiction, and requests for declaratory relief. At approximately 5:00 p.m. that same day, the District board meeting commenced. Prototype attended the board meeting and criticized the settlement. Following public comment, the District's board approved the settlement.

On August 17, the District and the Applicants jointly moved to strike Prototype's plea in intervention. Prototype did not attend the August 17 hearing, during which the trial court considered and then granted the motion to strike. At this same hearing, the court also considered the settlement agreement proposed by the parties, and on September 6, 2007, the court signed the Agreed Final Judgment. On September 13, 2007, Prototype filed a motion for new trial raising the issue of lack of notice of the motion to strike. The motion for new trial was overruled by operation of law, and this appeal ensued. On appeal, Prototype raises a number of complaints, including that the trial court erred by striking its intervention.

## DISCUSSION

Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."

TEX. R. CIV. P. 60. A person has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, at least in part. *Guaranty Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 657 (Tex. 1990). An intervenor is not required to secure the trial court's permission to intervene; instead, the party who opposes the intervention bears the burden to challenge the intervention by a motion to strike. *Id.* Without such a motion, the trial court abuses its discretion in striking a plea in intervention. *Id.* After a motion to strike a plea in intervention is filed, the intervenor should be given an opportunity to explain, and show proof of, his interest in the lawsuit. *Nat'l Union Fire Ins. Co. v. Pennzoil Co.*, 866 S.W.2d 248, 250 (Tex. App.—Corpus Christi 1993, no writ).

Prototype asserts the trial court abused its discretion by granting the motion to strike when Prototype had no notice of the hearing on the District's and Applicants' motion to strike and no opportunity to respond to the allegations raised in motion to strike. We agree. The Rules of Civil Procedure require that "[e]very . . . motion . . . to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, shall be filed with the clerk of the court in writing, shall state the grounds therefor, shall set forth the relief or order sought, and at the same time a true copy shall be served on all other parties, and shall be noted on the docket." *See* TEX. R. CIV. P. 21. Rule 21 also requires that "[a]n application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." *Id.* Because Prototype did not receive any notice

of the hearing on the motion to strike, Prototype was denied the opportunity to explain, and show proof of, its interest, if any, in the lawsuit.[2]  Therefore, we must reverse the trial court's order and remand this cause for further proceedings.

Sandee Bryan Marion, Justice

---

[2] On rehearing, appellees argue an intervenor, such as Prototype, takes a suit as it finds it; therefore, when Prototype filed its intervention on the eve of the August 17 hearing, it did so subject to the existing court calendar.  The appellees conclude that Texas Rule of Civil Procedure 21 therefore allowed them to move to strike the intervention during the August 17 hearing without prior notice to Prototype.  On this record, we cannot agree with appellees.  The clerk's record on appeal does not contain any scheduling order or other notice from the trial court that a hearing was set for August 17, 2007.  Nor does the trial court's docket contain any indication that such a hearing would be held.