Petition for Writ of Mandamus Denied;
Reversed and Remanded and Opinion filed November 9, 2010.

 

In
The

Fourteenth
Court of Appeals 



NO. 14-10-00565-CV



 

In re Scott
Louis Keck, Appellant 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS



 



NO. 14-10-00178-CV



Scott Louis
Keck, Appellant 

v.

Shannon
Michelle Loftin, Appellee 



On Appeal from
the 280th District Court

Harris County, Texas

Trial Court
Cause No. 2009-74872



 

OPINION 

Scott Louis Keck brings an appeal and a petition for writ
of mandamus from the trial court’s entry of a protective order prohibiting him
from seeing his minor child.  The application for the protective order was
filed by the child’s mother, Shannon Michelle Loftin.  In his appeal and
petition, Keck makes several allegations of error by the trial court, including
that the court (1) erred in considering a motion as well as additional evidence
at a hearing without notice to Keck, (2) abused its discretion in holding that
the evidence supported the issuance of a protective order, and (3) erred in
permitting a particular attorney to testify and cross-examine a witness.  We deny
the petition for writ of mandamus and reverse and remand the trial court’s
order.

Background

            On June 30, 2003,
the 245th District Court in Harris County issued a final order in a suit to
establish parentage of the minor child.  In the orders, the court found that
Loftin and Keck were the parents of the minor child, named them joint managing
conservators, granted Loftin the exclusive right to establish the child’s
residence, and granted Keck a possession order.  On December 7, 2007, the 245th
District Court issued modified orders respecting the child, naming Loftin sole
managing conservator and Keck possessory conservator, and ordering that Keck’s
access to the child be through supervised visitation only.  On January 9, 2008,
the 245th District Court issued a protective order against Keck to continue
until January 9, 2010.  On September 23, 2009, Loftin filed a petition to terminate
Keck’s parental rights in the 245th District Court.  This action is apparently
still pending in that court.

On November 19, 2009, Loftin filed an application for
another protective order in the 280th District Court of Harris County.  Earlier
in 2009, the 280th District Court was designated the Domestic Violence Court
for Harris County, thus becoming the proper court for filing applications for
protective orders under the Family Code in that county, irrespective of any
other action pending in another court.  See generally Tex. Gov’t Code §
24.112(h) (authorizing legislation).  The judge of the 280th District Court set
the application for a hearing on December 8, 2009.  During this hearing, both
sides presented evidence and made arguments.  Loftin’s allegations included
that Keck had sexually abused the minor child and had violated prior protective
orders.

At the conclusion of the hearing, the judge announced
her findings that (1) family violence had occurred and was likely to occur in
the future, and (2) the protective order should be granted with a modification permitting
supervised visitation between Keck and the minor child.  The judge then
requested that a proposed order be provided immediately or at least as soon as
possible.  Loftin’s counsel asked the judge to reconsider and a discussion
ensued regarding having the person who would supervise the visitation report
back to the court regarding his or her observations.  It was then mentioned
that attorney Charlotte Rainwater had previously been appointed as amicus
attorney in earlier proceedings in the 245th District Court but that she had
not been appointed in the termination proceeding then pending in that court,
although a motion to so appoint her was on file with that court.  The
possibility that Rainwater could be present at the visitations was discussed,
but no agreement was reached and no order was made on this issue.

The judge instructed the parties to return on
December 16 at 8 a.m., having worked together to accomplish the judge’s goal of
having the visitations supervised by someone who could then report to the
court.  The judge further instructed that Keck register with a supervised
visitation facility (specifically, the Victim Assistance Centre’s SAFE Program)
and that an order be prepared for her signature.

At 8 a.m. on December 16, Loftin’s counsel appeared
in the 280th District Court and announced to the judge that she had filed a
Motion to Reconsider the court’s prior ruling.  A Motion to Reconsider appears
in the clerk’s record.  It is file-stamped December 16, 2009, and contains a
certificate of service stating that it was hand-delivered to Keck on that same
date.  With the court’s permission, the attorney then presented testimony in
support of the motion from Tracy Dow, a clinical psychologist who had been
seeing the minor child for several years.  According to Dow, the minor child
disclosed that Keck had sexually assaulted her.

Also present at this hearing was attorney Charlotte
Rainwater, who represented to the court that on December 15, she was appointed
as amicus attorney for the minor child in the parental rights termination
action pending in the 245th District Court.  The trial court had Rainwater
sworn in as a witness and permitted her to question Dow.  At the conclusion of
the hearing, the judge signed a protective order, which, among other things,
prohibited Keck from having contact with the minor child.

Neither Keck, nor any attorney representing Keck,
appeared at the 8 a.m. hearing.  The record reflects, however, that Keck
appeared before the court at 10 a.m. and explained that he had thought the
hearing was set for 10 a.m.  The judge declined to reconsider her ruling at
that time.  Subsequently, Keck filed a motion for new trial, arguing primarily
that he did not receive proper notice under Texas Rules of Procedure 21 and 21a
for matters considered at the December 16 hearing.  The trial court denied the
motion.

Appeal or Mandamus

            As indicated
above, Keck filed both an appeal and a petition for writ of mandamus, and the
parties dispute which is the proper vehicle for review.  Section 81.009 of the
Texas Family Code states that “a protective order rendered under this subtitle
may be appealed” unless it is “rendered against a party [(1)] in a suit for
dissolution of a marriage,” or (2) “in a suit affecting the parent-child
relationship [SAPCR].”  Tex. Fam. Code § 81.009.  If either of the exceptions
applies, then appeal of the protective order must await issuance of a final,
appealable order in the underlying case.  Id.  There was apparently
never a marriage between Keck and Loftin, so the first exception does not
apply.  An action to terminate Keck’s parental rights was pending at the time
the application for a protective order was filed, and such a suit is indeed a
SAPCR.  See id. § 101.032(a).  However, the termination action was filed
in a different court (the 245th District Court) and with a different cause
number than the protective order at issue here (which was filed in the 280th
District Court).  It therefore cannot be said that the protective order was
issued “in” the termination action.  Because neither of the section 81.009
exceptions apply in this case, the protective order is appealable under that
Family Code section.[1] 
Accordingly, we will consider the merits of Keck’s appeal and deny the petition
for writ of mandamus.

Notice

Keck initially contends that he did not receive proper
notice of the proceedings that occurred at the 8 a.m. hearing on December 16,
2009.  Although he does not dispute that he had notice of the hearing itself,
given by the court at the prior hearing on December 8, he argues that he never
received notice that the court was going to entertain Loftin’s Motion to Reconsider
or reopen the evidence.  To the contrary, he asserts, the court’s notice on
December 8 indicated that the December 16 hearing was only for the purpose of
entering a final order based on the court’s holdings at the conclusion of the
December 8 hearing.

Under Rule 21 of the Texas Rules of Civil Procedure:

An application to the court for an order and notice of any
hearing thereon, not presented during a hearing or trial, shall be served upon
all other parties not less than three days before the time specified for the
hearing unless otherwise provided by these rules or shortened by the court.

Tex. R. Civ. P. 21.  It is
clear from the record that Keck was not served with a copy of the motion to
reconsider and did not receive notice that the court was going to consider the
motion or additional evidence until the very day of the hearing, December 16.  Indeed,
the only indication in the record of when Keck received notice suggests that he
received it only after the conclusion of the hearing on the motion.  Moreover, according
to the reporter’s record of the December 8 hearing, the only stated purpose for
the December 16 hearing was entry of an order reflecting the court’s December 8
findings.  Consequently, the holding of a hearing on December 16, in which the
motion to reconsider was considered along with new evidence in support thereof,
violated Rule 21.  See, e.g., Prototype Mach. Co. v. Boulware,
292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.) (reversing and
remanding trial court’s order for failure to provide three days notice of
hearing under Rule 21).

            To the extent the
record can be read as suggesting that the court shortened the notice period as
permitted by section 21, the court abused its discretion in so doing.  The
record does not reflect any basis for shortening the notice period.  Keck was
left without an ability to prepare a response to the motion or the new
evidence.  See, e.g., Petitt v. Laware, 715 S.W.2d 688, 690-91
(Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.) (holding court did not
abuse its discretion in shortening notice period where exigent circumstances
requiring a shorter period existed and the hearing in question did not involve
an ultimate matter in the case but only a question of procedure).

            Because Keck did
not have proper notice of the December 16 proceedings, we reverse the trial
court’s protective order and remand for further proceedings in accordance with
this opinion.  Among alternatives in his prayer, Keck requests that this court
enter an order reflecting the trial court’s findings at the December 8 hearing,
i.e., that he is permitted supervised visitation.  We decline to do
so.   But this opinion should not be construed as suggesting that the trial court
cannot receive additional evidence or reconsider its initial findings upon
proper notice.     Because of our holding on the notice issue, we need not
consider any of Keck’s other arguments.      

We deny the petition for writ of mandamus and reverse
and remand the trial court’s order.








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges,
Justice Yates, and Senior Justice Mirabal.[2]

 









[1]
We further note that to hold otherwise, i.e., that the protective order
could not be appealed until a final, appealable order had been issued in the
termination action, would generate ambiguities concerning both the notice of
appeal and preparation and filing of the record for appeal.  This is so because
the case would be spread between two trial courts and two unrelated cause numbers. 
However, a plain reading of the statute necessitates our holding without
reference to these potential procedural irregularities.





[2]
Senior Justice Margaret Garner Mirabal sitting by assignment.