

# NUMBER 13-24-00428-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO POLICY NO. THM000938-01

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

By petition for writ of mandamus, relators Certain Underwriters at Lloyd's, London

Subscribing Severally to Policy No. THM000938-01 contend that the trial court[2] abused

its discretion by: (1) striking their plea in intervention; and (2) denying their motion to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This lawsuit arises from trial court cause number CL-24-1987-G in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id.* R. 52.2.

compel appraisal. We agree that the trial court abused its discretion by striking the plea in intervention because relators were not provided with notice of a hearing or an opportunity to be heard. Accordingly, we conditionally grant the petition for writ of mandamus in part and deny it in part.

## I. BACKGROUND

Real parties in interest Jesus and Cynthia Santoyo submitted a claim for hailstorm-related property damages pursuant to an insurance policy issued by relators. On March 19, 2024, after attempts to resolve their claim failed, the Santoyos' counsel sent a pre-suit demand letter to relators. On March 27, 2024, relators "declare[d] an impasse in the amount of loss [in] dispute" and demanded appraisal pursuant to the terms of the insurance policy. On May 8, 2024, relators notified the Santoyos that they elected to assume their agents' legal responsibility for the Santoyos' insurance claim pursuant to § 542A.006 of the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 542A.006.[3] This section provides that if a claimant files an action under Chapter 542A of the insurance code and the insurer elects to accept "whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim," then "the court shall dismiss" an action against the agent "with prejudice." *Id.* § 542A.006(a), (b), (c). Later that same day, the Santoyos filed suit against American Claims Management, Inc. (ACM) and Judah Hale Hays alleging that they failed to properly investigate and adjust the property damage claim. The Santoyos asserted causes of action for negligence, violations of the

---

[3] Texas Insurance Code Chapter 542A applies to actions regarding first-party insurance claims arising from damage caused by hail and wind. *See* TEX. INS. CODE ANN. §§ 542A.001(2), 542A.002(a); *Advanced Indicator & Mfg., Inc. v. Acadia Ins.*, 50 F.4th 469, 474 (5th Cir. 2022) (per curiam) (stating that "§ 542A.006's mandate that an agent be dismissed with prejudice dictates that [the plaintiff] had no possibility of recovery against him").

Texas Insurance Code, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act.

On July 8, 2024, relators filed a "Plea in Intervention and Petition to Compel Appraisal." Relators stated that they issued the insurance policy at issue and engaged ACM to assist in the adjustment of the Santoyos' claim as a third-party administrator, and ACM then assigned Hays to serve as an independent field adjuster for the claim. Relators asserted that there was "minimal interior water damage" to the Santoyos' property and the covered losses fell below the deductible; however, the Santoyos disagreed. Relators advised the court that they had previously demanded appraisal. Relators further asserted that they had elected to accept all potential liability regarding their agents, including ACM and Hays, and all other persons or entities who participated in the adjustment of the claim under § 542A.006. Relators thus asserted that they had a justiciable interest supporting their plea in intervention and they sought to compel appraisal under the terms of the insurance policy.

On July 15, 2024, relators filed a separate "Motion to Compel Appraisal and to Abate." Relators asserted, *inter alia*, that the insurance policy required appraisal as a condition precedent to coverage and to any legal action. On July 22, 2024, the trial court signed an order setting a hearing on "[Relators'] Motion to Compel Appraisal and to Abate" for August 5, 2024, at 8:30 a.m.

On August 1, 2024, the Santoyos filed their first amended petition against ACM and Hayes. Their amended petition generally reiterates the claims made in their original petition but states that the Santoyos "are seeking only tort claims," and "there are no breach of contract claims herein alleged or sought." On August 2, 2024, the Santoyos

3

filed a "Motion to Strike [Relators'] Plea in Intervention, Response to [Relators' Motion] to Compel Appraisal[,] and Response to Motion to Compel Appraisal and Abate." On August 5, 2024, the trial court held the hearing, as previously noticed, on relators' motion to compel appraisal and abate. That same day, by separate orders, the trial court struck relators' plea in intervention and denied their motion to compel appraisal and abatement.

This original proceeding ensued. Relators raise two issues asserting that the trial court abused its discretion by: (1) striking their plea in intervention on its merits and doing so without notice of a hearing or affording relators an opportunity to be heard or respond to the Santoyos' motion to strike; and (2) denying their motion to compel appraisal. Relators also filed a motion to stay the trial court proceedings pending the resolution of their petition for writ of mandamus. The Court granted the stay and requested and received responses to the petition for writ of mandamus from ACM and Hayes, who support the relief sought, and from the Santoyos, who oppose mandamus relief. Relators and the Santoyos further filed additional pleadings for our review.

## II.    STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two

requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

### III.    ANALYSIS

As stated previously, relators contend that the trial court abused its discretion by striking their plea in intervention and by denying their motion to compel appraisal. Because it is dispositive, we begin and end our analysis with relators' contention that the trial court erred by striking their plea in intervention without notice of a hearing or affording relators an opportunity to be heard. In contrast, the Santoyos argue that relators' counsel "proceeded, without objection, to discuss and argue the merits of [their] right to intervene" at the August 5, 2024 hearing; that the trial court can rule on a plea in intervention when a motion to strike has been filed without a hearing; and that the trial court was required to rule on the intervention before addressing relators' motion to compel appraisal.

### A.    Intervention

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60; *see Farmers Grp., Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021). Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019) (quoting *In re Union Carbide Corp.*, 273 S.W.3d 152, 154 (Tex. 2008) (orig. proceeding) (per curiam)). Intervenors are parties to the lawsuit until the trial court grants a motion to strike. *Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 531 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Main Rehab. &*

*Diagnostic Ctr., LLC v. Liberty Mut. Ins.*, 376 S.W.3d 825, 828 (Tex. App.—Dallas 2012, no pet.).

A party opposing the intervention has the burden to challenge it by filing a motion to strike. *Nghiem*, 567 S.W.3d at 721. Because an intervention has the "potential for disrupting" a pending suit, the trial court should rule on a motion to strike the intervention before considering other matters. *In re Union Carbide Corp.*, 273 S.W.3d at 156. If a motion to strike is filed, the intervenor has the burden to show that it possesses a justiciable interest in the suit. *Nghiem*, 567 S.W.3d at 721; *In re Union Carbide Corp.*, 273 S.W.3d at 155. After a motion to strike a plea in intervention is filed, the intervenor should be given an opportunity to explain and show proof of its interest in the lawsuit. *Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.); *Grizzle v. Tex. Com. Bank, N.A.*, 38 S.W.3d 265, 273 (Tex. App.—Dallas 2001), *rev'd on other grounds*, 96 S.W.3d 240 (Tex. 2002); *Potash Corp. of Sask., Inc. v. Mancias*, 942 S.W.2d 61, 63–64 (Tex. App.—Corpus Christi–Edinburg 1997, no writ); *Nat'l Union Fire Ins. v. Pennzoil Co.*, 866 S.W.2d 248, 250 (Tex. App.—Corpus Christi–Edinburg 1993, no writ); *see Inter-Cont'l Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex. App.—Houston 1966, writ ref'd n.r.e.) (op. on reh'g) (stating that when the intervenor pleads a viable cause of action, its claim should be resolved by a hearing on the merits or summary judgment proceeding). To determine if the intervenor possesses a justiciable interest in the suit, the trial court examines the basis of the factual allegations in the pleadings. *Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.); *J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 243 (Tex. App.—Fort Worth 2016, no pet.); *Zeifman v.*

*Michels*, 229 S.W.3d 460, 464 (Tex. App.—Austin 2007, no pet.); *Caprock Inv. Corp. v. FDIC*, 17 S.W.3d 707, 711 (Tex. App.—Eastland 2000, pet. denied).

We review the trial court's ruling on a motion to strike an intervention under an abuse of discretion standard. *Farmers Grp., Inc.*, 620 S.W.3d at 713; *Williamson v. Howard*, 554 S.W.3d 59, 66 (Tex. App.—El Paso 2018, no pet.); *Ins. Co. of State of Pa. v. Neese*, 407 S.W.3d 850, 853 (Tex. App.—Dallas 2013, no pet.). The trial court's discretion is "broad" but not unlimited. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *see Williamson*, 554 S.W.3d at 66–67; *Ins. Co. of State of Pa.*, 407 S.W.3d at 853.

## B.   Analysis

On July 8, 2024, relators filed their plea in intervention, thereby rendering them parties to the suit. *See Mass. Bay Ins.*, 615 S.W.3d at 602; *Ctr. Rose Partners, Ltd.*, 587 S.W.3d at 531. They subsequently filed a "Motion to Compel Appraisal and to Abate." The trial court's "Order Setting Hearing Date" stated that the hearing on "[Relators'] Motion to Compel Appraisal and to Abate" would be held on August 5, 2024, at 8:30 a.m. On August 2, 2024, the Santoyos filed their "Motion to Strike [Relators'] Plea In Intervention, Response to [Relators' Motion] to Compel Appraisal[,] and Response to Motion to Compel Appraisal and Abate." The Santoyos did not set their motion to strike for hearing. On August 5, 2024, the trial court held a hearing on the relators' "Motion to Compel."

The Santoyos assert that relators waived this issue because their counsel "proceeded, without objection, to discuss and argue the merits of [relators'] right to intervene with the Court." The hearing transcript, which is eleven pages in length, fails to substantiate this characterization of the events. At the inception of the hearing, relators'

7

counsel advised the trial court that "before the Court today is Intervenor's Motion to Compel" and that the relators possessed a "contractual right to an appraisal subject to the terms of the policy." In response, the Santoyos' counsel informed the trial court that the Santoyos were not filing a claim for breach of contract and were pursuing tort claims individually against the adjusters; that the relators were "trying to intervene and compel appraisal in a case where we're not making a claim for damages of policy benefits"; and that "appraisal wouldn't resolve the issues of what our suit provides." Counsel further asserted that the Santoyos' claims against the adjusters individually were allowed by the supreme court and the insurance code. Relators' counsel responded, in relevant part:

> In response to that, first off, there are no other damages other than the amounts claimed to be owed under the policy. No one's claimed that the adjusters got on the roof, took a sledgehammer to it. Nobody burned the place down . . . .
>
> . . . .
>
> [T]he case law they cited does not support that contention that you can sue any adjuster for anything under the Insurance Code. That's not what it says. I'm not going to—the base of the motion doesn't require them to not be able to assert a claim under the Insurance Code. Regardless of that, the damages they want are policy benefits. In order to get those[,] they need to say that the adjuster missed covered damages. He . . . should have found more covered damages. Those are questions that are intrinsically intertwined with appraisal, which is going to set the amount of loss.
>
> . . . .
>
> And the damages [that] are suffered because of that alleged misrepresentation and alleged bad faith is the loss of policy benefits. There aren't any other form of legal damages in this suit. . . .
>
> . . . .
>
> And there can't be any policy benefits owed or lost until that appraisal happens. They both have to happen. And so[,] if the appraisal is going to set the amount of loss, [Hays] can't get up there and say you should have paid $10,000 if the appraisal award says $5,000. Because the contract

dictates what the amount of loss is, and [the Santoyos] have agreed to that contract. And [relators] have intervened because they have a contractual right to an appraisal regardless of any claims [the Santoyos] may have against their adjusters.

And whether they can bring those claims [is] an issue for another day. We obviously contend they can't due to the election of responsibility . . . .

. . . .

What they're seeking is the factfinder to say that [Hays] missed covered damages, and that the factfinder is going to determine that there was covered damage property that our adjusters missed, and that is directly impactful on [relators].

If they get a [judgment] against ACM and Hays, they can easily turn around and file suit against [relators] saying we have, we have the testimony, we have a judgment against your adjuster saying they acted in bad faith. They missed all those covered damages. And now [relators], you know, a year down the road after they get this judgment, they're gonna be stuck with that. And they have, they have a contractual right to appraisal that needs to get enforced before those questions are answered by the jury.

The parties did not present argument or authority regarding the viability of relators' plea in intervention, or their justiciable interest in the suit, nor did they reference or discuss the Santoyos' motion to strike the plea in intervention. Accordingly, we reject the Santoyos' contention that relators have not preserved this issue for our review.

We turn to the merits. Relators assert that the trial court abused its discretion by granting the motion to strike when they had no notice of the hearing on the motion to strike and no opportunity to respond to the allegations therein. We agree. As stated by the Fourth Court of Appeals:

The Rules of Civil Procedure require that "[e]very . . . motion . . . to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, shall be filed with the clerk of the court in writing, shall state the grounds [therefor], shall set forth the relief or order sought, and at the same time a true copy shall be served on all other parties, and shall be noted on the docket." *See* TEX. R. CIV. P. 21. Rule 21 also requires that "[a]n application to the court for an order and notice of any

9

> hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." *Id.* Because [the intervenor] did not receive any notice of the hearing on the motion to strike, [it] was denied the opportunity to explain, and show proof of, its interest, if any, in the lawsuit.

*Prototype Mach. Co.*, 292 S.W.3d at 172. That court thus reversed the trial court's order. *See id.* Although a hearing is not necessarily required to determine a motion to strike a plea in intervention, *see Potash Corp. of Sask., Inc.*, 942 S.W.2d at 63–64 ("[T]he question of whether an intervening party has a justiciable interest may be resolved by reference to the petition in intervention."); *Nat'l Union Fire Ins.*, 866 S.W.2d at 250 ("[T]he trial court may determine an intervening party's justiciable interest in a lawsuit on the basis of the sufficiency of the petition in intervention."), only three days elapsed between the filing of the motion to strike and the trial court's order in this case. Thus, we conclude that the trial court abused its discretion by granting the Santoyos' motion to strike in the absence of notice and an opportunity to explain, and show proof of, their interest, if any, in the lawsuit. *See Prototype Mach. Co.*, 292 S.W.3d at 172; *Grizzle*, 38 S.W.3d at 273.

Accordingly, we sustain this part of relators' first issue. Having done so, we need not address the remainder of relators' first issue, as to the merits of their plea in intervention, or their second issue regarding appraisal. *See* TEX. R. APP. P. 47.1. Specifically, the trial court should have the opportunity to fully consider and examine relators' position with regard to their plea in intervention and the Santoyos' motion to strike. Stated otherwise, on this record, while we may direct the trial court to consider the intervention and motion to strike, we may not tell the trial court how to rule. *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding); *In re Cunningham*, 454 S.W.3d 139, 143 (Tex. App.—Texarkana 2014, orig.

10

proceeding). Further, because the trial court was required to consider the propriety of relators' plea in intervention before its motion to compel appraisal, and it appears based on the record that the two orders were issued simultaneously, we also set aside the trial court's order denying relator's motion to compel appraisal; however, we do so without prejudice and without considering the merits. *See In re Union Carbide Corp.*, 273 S.W.3d at 156.

## C.    Remedy

A trial court's ruling on a plea in intervention is not subject to appeal; thus, mandamus relief may be appropriate when the trial court erroneously rules on a motion to strike. *See, e.g.*, *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 729 (Tex. 2006) (orig. proceeding); *In re Gandy*, 649 S.W.3d 921, 928 (Tex. App.—Eastland 2022, orig. proceeding); *see also Hometown Bank, N.A. v. City of Tex. City*, No. 14-21-00043-CV, 2022 WL 17491676, at *2 (Tex. App.—Houston [14th Dist.] Dec. 8, 2022, no pet.) (mem. op.) ("The Bank has not cited, and our research has not found, a statute in which the Legislature provides for an interlocutory appeal from an order granting a motion to strike a plea in intervention.").[4] Further, mandamus is appropriate to enforce a procedural requirement to provide notice and hearing. *See, e.g.*, *Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex. 1990) (orig. proceeding); *In re Acceptance Ins.*, 33 S.W.3d 443, 448 (Tex. App.—Fort Worth 2000, orig. proceeding).

---

[4] We note that on different facts the Eighth Court of Appeals denied mandamus relief for an order striking an insurer's petition in intervention. *See In re Arch Ins. Co.*, No. 08-23-00223-CV, 2023 WL 7171473, at *6 (Tex. App.—El Paso Oct. 31, 2023, orig. proceeding) (mem. op.). In that case, the insurer sought to intervene in a bodily injury case on behalf of its insured, and the court concluded that the trial court did not abuse its discretion by striking its intervention, and in dicta, also concluded that the insurer "has an adequate remedy at law to raise the issue of whether it has a duty to indemnify [the insured] if and when a judgment is entered against [the insured]" either in a related federal case "or in a separate coverage proceeding." *See id.* at *4–6.

## IV.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the responses, the additional briefing, and the applicable law, is of the opinion that relators have met their burden to obtain relief, in part, as stated herein. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its August 5, 2024 orders denying relators' plea in intervention and motion to compel appraisal and to proceed in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to comply. We deny the petition for writ of mandamus, without prejudice, as to all other relief sought.

JAIME TIJERINA
Justice

Delivered and filed on the
11th day of December, 2024.