

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00107-CV

_____

CHRISTOPHER M. PERRICONE, Appellant

V.

AMERICAN PRECISION AMMUNITION, LLC, A/K/A PRECISION
AMMUNITION; MATTHEW CAMPBELL; THE MINERAL WELLS
INDUSTRIAL FOUNDATION, INC.; THE MINERAL WELLS/PALO PINTO
AREA GROWTH COUNCIL; STEPHEN L. BUTCHER; S.L.B., INC.; LANCE
HOWERTON; AND RICHARD BALL, Appellees

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV21-0594

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

This case turns on notice, the lack thereof, and the timing and service of various filings. *See generally* Tex. R. Civ. P. 21,[1] 21a, 21b; *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (explaining that notice is a fundamental due-process requirement). Pro se Appellant Charles M. Perricone intervened in the underlying lawsuit a few hours before the defendants—Appellees Mineral Wells Industrial Foundation, Inc. (MWIF); the Mineral Wells/Palo Pinto Area Growth Council (MWAGC); Lance Howerton; S.L.B., Inc.; Stephen L. Butcher; and Richard Ball (collectively, the MWIF Appellees)—and the plaintiffs—Appellees American Precision Ammunition, LLC, a/k/a Precision Ammunition (Precision) and Precision's owner Matthew Campbell (collectively, the Precision Appellees)—filed a reciprocal notice of nonsuit that was not served on Perricone. The trial court later struck the intervention after considering a motion to strike that was also not served on Perricone. Because Perricone was entitled to notice after he intervened, we reverse the trial court's order striking his intervention and remand the case for further proceedings.

---

[1]Under Rule of Civil Procedure 21(a), "[e]very . . . motion . . . unless presented during a hearing or trial, must be filed with the clerk of the court in writing . . . and *at the same time* a true copy must be served *on all other parties*, and must be noted on the docket." Tex. R. Civ. P. 21(a) (emphases added).

## II. Discussion

Under Rule of Civil Procedure 60, "[a]ny party may intervene by filing a pleading, subject to being [struck] out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. 60; *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). The rule itself requires no judicial permission and imposes no intervention deadline. *State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015); *see Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) ("There is no deadline for intervention in the Texas Rules of Civil Procedure.").[2]

Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right," and the party who opposes the intervention has the burden to challenge it by a motion to strike. *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019). So that a party will know whether to file a motion to strike, "[a] party intervening in a pending suit must notify and serve the opposite party or the opposite party's attorney of the filing." 57 Tex. Jur. 3d Parties § 87; *see* Tex. R. Civ. P. 60 cmt. ("Rules 21 and 21a control notice and service of pleadings of intervenors.").

---

[2]Nonetheless, a petition in intervention filed so late that it would delay the proceeding or unjustifiably complicate it may be sufficiently "untimely" to justify striking it. *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 874 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[T]he trial court acts within its broad discretion in striking a late-filed petition in intervention which would have interjected new issues and caused delay.").

"Because intervention is a matter of right subject to a motion to strike, it follows that the intervenor need only respond to the grounds stated in the motion." *Nghiem*, 567 S.W.3d at 721. But to do so, the intervenor is entitled to notice of the motion to strike. *See Prototype Mach. Co. v. Boulware*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.) (op. on reh'g). After a motion to strike is filed, an intervenor should be given the opportunity to explain, and show proof of, his interest in the lawsuit.[3] *Id.* Whether an intervenor is a party to the final judgment depends on when the intervention petition is filed. *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 361 (Tex. 2021). Intervenors are parties to the lawsuit until the trial court grants a motion to strike. *Mass. Bay Ins. Co. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Here, on December 30, 2024, at 2:58 p.m., Perricone hand-filed a motion to intervene in the appellees' lawsuit. The certificate of service incorporated into his motion states that "a true and correct copy of this Motion to Intervene was served on all parties of record via e-file, including Plaintiff and Defendants, on 30Dec2024."[4] Although Perricone's certificate of service stated that the parties had been served via e-file, the record does not contain an "Automated Certificate of eService" or list who

---

[3]Based on our disposition here, we do not reach the intervention's "justiciable interest" requirement or the parties' arguments about it. *See* Tex. R. App. P. 47.1.

[4]"29Dec2024," the original typewritten date, had been lined out by hand, and "30Dec2024" was written into its place.

4

received service. *Compare* Tex. R. Civ. P. 21a(b)(3) ("The electronic filing manager will send confirmation of service to the serving party."), *with* Tex. R. Civ. P. 21a(e) (stating that a certificate by a party showing service of a notice "shall be prima facie evidence of the fact of service," although nothing "shall preclude any party from offering proof that the document was not received"), *and Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (stating that while "[i]t is true that notice properly sent pursuant to Rule 21a raises a presumption that notice was received . . . we cannot presume that notice was properly sent; when that is challenged, it must be proved according to the rule").[5]

Several hours later, at 8:41 p.m., the appellees—except Howerton—filed a "Reciprocal Notice of Nonsuit Without Prejudice" in which they mutually nonsuited without prejudice "all their respective claims, causes of action, and requests for relief asserted against and/or seeking recovery from" each other. They concluded their notice by stating, "As this Court previously disposed of claims, causes of action, and requests

---

[5]Our clerk's office contacted the trial-court clerk to determine whether an automated certificate of e-service had been unintentionally excluded from the record. The trial-court clerk responded, "That document was brought to the office[,] not sent through efile[,] so I don't have anything on record that [Perricone] served anyone else." *Cf.* Tex. R. Civ. P. 21(a) (requiring service on all other parties of every motion filed with the clerk).

Under Rule of Civil Procedure 21b, "[i]f any party fails to serve on or deliver to the other parties a copy of any . . . motion . . . in accordance with Rules 21 and 21a, the court may in its discretion, *after notice and hearing,* impose an appropriate sanction available under Rule 215-2b." Tex. R. Civ. P. 21b (emphasis added). Under Rule 215.2(b), a trial court may strike pleadings after notice and a hearing. *See* Tex. R. Civ. P. 215.2(b)(5).

5

for relief asserted against and/or seeking recovery from Lance Howerton,[6] this notice disposes of all remaining parties and all remaining claims and thus renders this cause final and appealable." *See Morath v. Lewis*, 601 S.W.3d 785, 787–88 & n.1 (Tex. 2020) (explaining that "[t]he plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief" and that "once all claims for relief are unconditionally abandoned, no justiciable case or controversy remains"); *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (explaining that a nonsuit is effective when filed); *see also* Tex. R. Civ. P. 162 (stating that notice of nonsuit shall be served in accordance with Rule 21a "on any party who has answered or has been served with process without necessity of court order" and that any dismissal pursuant to the rule "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief").

The reciprocal notice of nonsuit was electronically signed by counsel for the Precision Appellees and counsel for MWIF, MWAGC, Butcher, S.L.B., and Ball. The "Automated Certificate of eService" reflects that Lance "Luke" Beshara, the Precision

---

[6]Most of the Precision Appellees' claims against Howerton had been dismissed, *see Howerton v. Am. Precision Ammunition, LLC*, No. 02-22-00234-CV, 2023 WL 2926264, at *1 (Tex. App.—Fort Worth Apr. 13, 2023, pet. denied) (mem. op.), and he had secured a summary judgment on their remaining claims against him.

6

Appellees' counsel, filed the notice and served it on counsel for Butcher, S.L.B. Inc., and Howerton but not on Perricone.[7]

A month later, the MWIF Appellees (minus Howerton and Ball) filed a "Response to Motion to Intervene and Motion to Strike." In their response and motion to strike, they complained about the merits of Perricone's motion but did not raise any potential lack of service by Perricone of the motion to intervene. And although their certificate of service states, "a true and correct copy of this document was transmitted in accordance with the requirements of the Texas Rules of Civil Procedure," their "Automated Certificate of eService" reflects that they served the Precision appellees' counsel but not Perricone, despite having made the filing in response to his intervention.

The trial court signed an order stating that it had considered the "Motion to Intervene dated December 30, 2024," and that

> [a]fter reviewing the Motion, the Response, and the applicable law[,] the Court is of the opinion the Motion to Intervene [f]ails to state a cause of action under Texas law and is therefore [struck] and deemed ineffective to extend jurisdiction of this court following the reciprocal nonsuit on December 30, 2024.

---

[7]Beshara had previously represented Perricone in a different but related lawsuit. *See Perricone v. City of Mineral Wells, Tex.*, No. 4:19-CV-00992-O, 2023 WL 7420256, at *1 (N.D. Tex. Nov. 8, 2023), *appeal dism'd*, No. 23-11232, 2024 WL 2880629 (5th Cir. Mar. 5, 2024). By the time the Fifth Circuit dismissed Perricone's appeal, however, Perricone had begun proceeding pro se. The record does not reflect whether Beshara was aware of Perricone's intervention in this lawsuit at the time he served the other parties with the nonsuit notice.

The Parker County clerk's office then issued notices of judgment or final order to Perricone and the appellees.

Perricone moved for reconsideration, complaining that he had filed his motion before the nonsuit, that his motion should have therefore been ruled upon first, and that his due-process rights had been violated when he was not served with the nonsuit or motion to strike.[8] His motion for reconsideration was overruled by operation of law, *see* Tex. R. Civ. P. 329b(c), and this appeal followed.

In three of his four appellate issues, Perricone complains—among other things—that the trial court abused its discretion by striking his intervention and by violating his due-process rights because he was not served with the nonsuit notice and motion to strike. The MWIF Appellees respond that the trial court properly exercised its discretion by striking the intervention but do not address Perricone's lack-of-service complaints.[9]

Notice is a fundamental due-process requirement, and "[w]hen parties are not afforded a meaningful opportunity to be heard, the remedy for a denial of due process is due process." *B. Gregg Price*, 661 S.W.3d at 422–23. Because the record reflects that Perricone was not served with the nonsuit notice or the motion to strike, we sustain the

---

[8]Perricone e-filed this motion and, unlike his petition in intervention, there is an "Automated Certificate of eService" that shows that he served the appellees' counsel.

[9]The Precision Appellees have joined and adopted by reference the MWIF Appellees' brief in its entirety. *See* Tex. R. App. P. 9.7.

due-process complaints set out in his first, third, and fourth issues. We do not reach his remaining arguments. *See* Tex. R. App. P. 47.1.

### III. Conclusion

Having sustained the pertinent portions of Perricone's first, third, and fourth issues, we reverse the trial court's order striking his intervention and remand to the trial court for further proceedings. *See Prototype*, 292 S.W.3d at 172.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  October 23, 2025